Karbach v. Fogel.

---

WILHELMINA KARBACH V. MAX FOGEL.

FILED JANUARY 8, 1902.  No. 10,803.

Commissioner's opinion, Department No. 3.

Action for Damages: CONTRACT: TORT. In an action for damages, whether upon contract or for tort, compensatory damages can alone be recovered, and only such as are the probable, direct and approximate consequences of the wrong complained of, and such as may fairly be supposed to have been within the contemplation of the accused party at the time the cause of action arose.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J.  Reversed.

A. N. Ferguson, for plaintiff in error.

J. W. Woodrough and William D. Beckett, contra.

AMES, C.

This is an action brought by the defendant in error to recover damages for an alleged wrongful eviction by his lessor from premises situate on Fifteenth street, in the city of Omaha, and formerly occupied by him as a tradesman. He claimed the right of possession under an alleged parol lease in perpetuity, forfeitable for non-payment of rent only. Whether such a lease is valid was not discussed by counsel and need not now be decided. The jury found his eviction to have been wrongful. Recovery was sought for two elements of damages,—one for injury to the property of the plaintiff, which suffered loss and deterioration by the removal; and one for injury to his business. With respect to the latter, the plaintiff was permitted to prove that after his eviction he resumed his trade in a location something more than two blocks distant, near the corner of Farnham and Seventeenth streets, and to testify as to the comparative volume and profitable character of his business in the two localities. The court instructed the jury that if they found the eviction had been wrongful they should "determine from the evidence what was the amount in value of the decrease in the plaintiff's business by reason of his removal from said premises; said loss is to be measured at the time of said eviction; but the jury may take into consideration his earnings in his new location, in connection with all the other testimony, in order to determine the loss of business caused plaintiff by said eviction." No evidence was offered for the purpose of showing the value of the leasehold estate of which the plaintiff was alleged to have been deprived. We think the measure of damages adopted by the court was too remote and speculative. If it could be sanctioned in such a case, a variety of collateral matters would have to be taken into account, which would carry the investigation too far afield, and call for a multitude of difficult discriminations, with which courts and juries are not competent to deal. It would require it to be known whether the new location

was one which, considered by itself, was suitable at all, and if at all, to what degree, for the conduct of the plaintiff's business; whether there were other available situations more or less suitable for the purpose than the one chosen, and whether the plaintiff had exercised reasonable care, prudence and judgment in making his choice. Account would also need to be taken of the seasons of the year between which the comparisons were made, and of the general volume of trade and of the prevailing degrees of business prosperity. Manifestly, an investigation of this character would be well-nigh interminable, and the speculations to which it would give rise could eventuate in no definite conclusion. The defendant in error cites no authority in support of this instruction, and in our opinion it can not be upheld, especially in this state, where the measure of damages in actions for the breach of contracts and in actions sounding in tort is the same, and is limited in all cases to compensation for actual and ascertainable loss. In those jurisdictions in which punitive and exemplary damages are recoverable in actions for tort, greater latitude is sometimes permitted to the jury in estimating compensatory damages in such cases than is allowed to them in actions upon contract, but in this state the line of distinction between the two classes of cases, in this respect, has by a long series of decisions been wholly obliterated. In both classes of actions, the rule must now be regarded as settled that only such damages may be recovered as are the probable, direct, approximate consequences of the wrong complained of, and such as may fairly be supposed to have been within the contemplation of the accused party at the time the cause of action arose. Speculative or conjectural damages are not allowable in any case. *Holmes v. Boydston,* 1 Nebr., 346; *French v. Ramge,* 2 Nebr., 254; *Bridges v. Lanham,* 14 Nebr., 369. As is said in *Lamb v. Stone,* 11 Pick. [Mass.], 526, 533, "It is indispensable that the plaintiff should show not only that he has sustained damage, and that the defendant has committed a tort, but that the damage is the clear and necessary

consequence of the tort, and that it can be clearly defined and ascertained." Obviously, the rule of damages adopted by the trial court in this case does not fall within the foregoing definition, and it is therefore erroneous.

It is recommended that the judgment of the district court be reversed and a new trial granted.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED AND REMANDED.